**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4508**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYME ESSENCE CLARK,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., District Judge. (1:12-cr-00418-JAB-2)

Submitted: January 30, 2014          Decided: February 5, 2014

Before KING, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Graham T. Green, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyme Essence Clark appeals the twenty-eight month sentence imposed upon his guilty plea to one count of interference with commerce by robbery, 18 U.S.C. § 1951 (2012), arguing that the district court erred in denying his request for a minor role adjustment at sentencing. Finding no error, we affirm.

On June 16, 2012, the Dollar General store in Eden, North Carolina, was robbed at gunpoint by Ke'Vontae Bronson. Clark was an employee at the time. Security videos revealed that Clark had spoken with Bronson outside the store shortly before the robbery. When interviewed by the police, Clark initially denied any contact with Bronson prior to the robbery, but later admitted that Bronson had told him earlier in the day that he (Bronson) was planning to rob the store. Clark also admitted that Bronson had paid him $500 after the robbery.

In post-arrest interviews, and at Clark's sentencing hearing, Bronson stated that he had discussed with Clark the possibility of robbing the Dollar General store some time prior to the day of the robbery and that Clark had advised him regarding the best time to access the safe in the store. According to Bronson, Clark called him on the day of the robbery to inform him that he was at work and who was working with him

that day.  Bronson then went to the store to confirm with Clark that the robbery would take place as planned.

The district court may reduce a defendant's offense level by two levels if it finds that he was a "minor participant" in the criminal activity.  U.S. Sentencing Guidelines Manual (USSG) § 3B1.2 (2012).  The district court's factual finding is reviewed for clear error.  United States v. Edwards, 188 F.3d 230, 238 (4th Cir. 1999).  A defendant has the burden of showing that the adjustment applies to him.  United States v. Akinkoye, 185 F.3d 192, 202 (4th Cir. 1999).  However, the adjustment applies only to a defendant whose part in the offense "makes him substantially less culpable than the average participant."  USSG § 3B1.2 cmt. n.3(A) (2012).  The defendant's conduct is examined not only "relative to the other defendants, but also . . . relative to the elements of conviction."  United States v. Blake, 571 F.3d 331, 352 (4th Cir. 2009) (quoting Akinkoye, 185 F.3d at 202)).  The factual question is "whether the defendant's conduct is material or essential to committing the offense."  Blake, 571 F.3d at 353 (quoting Akinkoye, 185 F.3d at 202).

Here, Clark contends that his role in the commission of the robbery was not essential and was significantly less than Bronson's.  However, as the district court found, Clark's role was essential to the completion of Bronson's robbery as Clark

provided key information regarding the location of the safe and best time to rob the store, and received $500 for his role. On these facts, we find no error in the district court's denial of the minor role adjustment.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED